IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NAVAJO AGRICULTURAL**
**PRODUCTS INDUSTRY,**

       Petitioner,

v.                                                No. MC 13-0034 RB/LAM

**UNITED STATES,**

       Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's *Renewed Petition for the Return of Property (Doc. 23)*, filed October 3, 2014. Respondent filed a response to the motion on October 16, 2014 [*Doc. 24*], and Petitioner filed a reply on October 28, 2014 [*Doc. 25*]. United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 4*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that Petitioner's *Renewed Petition for the Return of Property (Doc. 23)* be **GRANTED**.

At the outset, the Court notes that this case was closed on November 12, 2013, pursuant to Petitioner's unopposed motion to withdraw its initial petition for the return of property. *See*

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[*Docs. 20* and *22*].   While a party would normally be required to initiate a new action, instead of filing a renewed petition, when a case has been closed, the Court notes that this case was dismissed without prejudice.  *See* [*Doc. 22*].   Therefore, the Court will consider Petitioner's renewed petition without requiring Petitioner to initiate a new action.

In Petitioner's renewed motion for the return of property, Petitioner states that it renews its petition under Fed. R. Crim. P. 41(g) for the return of its property that Petitioner contends was unlawfully seized by federal agents in April 2013, "pursuant to a since-abandoned criminal investigation." [*Doc. 23* at 1].  Petitioner states that its original motion was withdrawn without prejudice after the United States agreed to provide Petitioner with electronic copies of the seized documents at issue.  *Id.*  Petitioner states that the United States has decided that no further investigation is necessary and that no federal charges will be filed against Petitioner in this matter. *Id.*  However, Petitioner states that "the United States has indicated that, rather than return the seized property to NAPI, it now intends to transfer it into the possession of the Office of the Prosecutor for the Navajo Nation Department of Justice." *Id.* at 1-2.  Therefore, Petitioner renews its motion for the return of the property, and contends that, once the government abandoned its investigation, the entity "from whom the property is seized is presumed to have a right to its return[,] and the government has the burden of demonstrating that it has a legitimate reason to retain the property."  *Id.* at 5 (citing *United States v. Yung*, No. 96-3121, 103 F.3d 145, 1996 WL 680734, *3 (10th Cir. Nov. 26, 1996) (unpublished)).  Petitioner contends that the United States has failed to meet this burden and, therefore, the United States should return all of the materials it seized from Petitioner, including any electronic and paper copies of those materials.  [*Doc. 23* at 7-8].  Petitioner further states that, if its property is returned, it "will maintain the integrity of the returned property and keep it within the jurisdiction of the Navajo

Nation, should the Navajo prosecutor take the appropriate legal measures to lawfully obtain it." *Id.* at 8.

In response, the United States contends that Petitioner has not been aggrieved by an unlawful search and seizure of the property under Fed. R. Crim. P. 41(g) because the documents were seized pursuant to a lawfully executed search warrant. [*Doc. 24* at 1]. The United States agrees that it will not pursue further prosecution of this matter. *Id.* However, the United States contends that "the Navajo Nation Prosecutor has indicated an interest in coming into possession of these documents for their review with regard to possible prosecution by their office," and that, pursuant to 25 U.S.C. § 2809, "the United States respectfully submits that the proper recipient of the property and the discussed documents should be the Navajo Nation prosecutor who has requested them." *Id.* at 2. The United States cites § 2809(a)(3), which provides: "[T]he United States Attorney shall coordinate with the appropriate tribal justice officials regarding the status of the investigation and the use of evidence relevant to the case in a tribal court[] with authority over the crime alleged." *Id.* Therefore, the United States contends that "meaningful coordination could be potentially impaired and unhelpfully handicapped if, rather than providing the Navajo Nation tribal justice person with the requested documents, the Federal government instead was compelled to return the requested documents to the very entity that the trial justice person has an interest in investigating." *Id.* at 2-3. The United States, therefore, asks the Court to allow it to provide the Navajo Nation tribal justice officials with the documents and property that they seized from Petitioner. *Id.* at 3.

In reply, Petitioner states that the United States has failed to meet its burden under Fed. R. Crim. P. 41(g) of demonstrating that it has a legitimate reason to retain the property. [*Doc. 25* at 2-7]. Petitioner contends that § 2809 does not authorize the United States to freely

3

share seized property with tribal prosecutors after the United States has declined to pursue prosecution (*id.* at 4), and notes that an earlier version of the statute specifically authorized the United States to provide tribal prosecutors with evidence that was collected if the United States declined to prosecute an alleged federal crime in Indian country, but that provision was removed in the current version of the statute (*id.* at 5).  Therefore, Petitioner contends that Congress did not intend to allow the United States to retain seized property and turn it over to tribal prosecutors pursuant to the amended statute.  *Id.* at 6.

Under Fed. R. Crim. P. 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Because both parties agree that Petitioner has been "deprived" of the property at issue, the Court need not determine whether the search warrant was lawful for Petitioner to proceed under this statute.  The Tenth Circuit has held that, when criminal proceedings have terminated, the government must demonstrate that it has a legitimate reason to retain seized property under this rule.  *See United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (discussing former Rule 41(e) (now Rule 41(g)), and explaining that "[t]he burden shifts to the government when the criminal proceedings have terminated") (citation omitted); *see also Yung*, 1996 WL 680734 at *3.  One way the government may meet this burden is to demonstrate "a cognizable claim of ownership or right to possession adverse to that of the movant."  *Clymore*, 245 F.3d at 1201 (citation omitted); *see also United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (explaining that, when the government has abandoned its investigation, the government can meet its burden of demonstrating that it has a legitimate reason to retain the property "by demonstrating that [the property] is contraband or subject to forfeiture").

The Court finds that the United States has failed to meet its burden of showing a legitimate reason to retain Petitioner's property under Rule 41(g).  While the United States contends that 25 U.S.C. § 2809(a)(3) provides sufficient reason for the United States to retain Petitioner's property while the Navajo Nation prosecutor decides whether to pursue prosecution, the United States fails to show how this statute, or any authority interpreting this statute, meets the United States' burden to continue to retain Petitioner's property under Rule 41(g).  Section 2809(a)(3) provides that the United States Attorney "shall coordinate with the appropriate tribal justice officials regarding the status of the investigation and the use of evidence relevant to the case in a tribal court with authority over the crime alleged."  Here, however, there is no case in a tribal court, and no crime alleged, as the tribal prosecutors have not yet pursued prosecution in this case.  *See* [*Doc. 24* at 2] (stating that the Navajo Nation Prosecutor seeks these documents "with regard to *possible* prosecution by their office") (emphasis added).  The United States provides no support for its contention that it must retain the documents for a "possible prosecution," and the plain language of § 2809(a)(3) discusses coordinating of the use of evidence in a case that is underway -- not just a hypothetical.

Moreover, the Court agrees with Petitioner that this case is similar to *United States v. Garcia*, No. 07-581-PHX-SMM, 2009 WL 996322, *4 (D. Ariz., April 14, 2009) (unpublished), where the court found that the United States failed to justify its continued possession of property under Rule 41(g) when it stated that the property was the subject of plea negotiations in other matters the defendant was charged with in state court.  The court in *Garcia* noted that the United States failed to present any support for its assertion that the property was needed in the state court proceeding.  *Id.*  Similarly, here the United States fails to provide any support for its assertion that the Navajo Nation is in need of Petitioner's property, or how the Navajo Nation intends to use

5

the property.  The United States also fails to explain why Petitioner's assurance that it would "maintain the integrity of the returned property and keep it within the jurisdiction of the Navajo Nation, should the Navajo prosecutor take the appropriate legal measures to lawfully obtain it" (*Doc. 23* at 8) is an inadequate assurance and cannot be relied upon to resolve this issue.  For these reasons, the Court finds that the United States has failed to demonstrate "a cognizable claim of ownership or right to possession adverse to that of" Petitioner, such that the United States has a legitimate reason to retain the property.  *Clymore*, 245 F.3d. at 1201.  The Court, therefore, recommends that Petitioner's renewed petition be granted and the United States be ordered to return all of the materials seized from Petitioner, as well as any electronic and paper copies of those materials.

For the foregoing reasons, the Court recommends that Petitioner's **Renewed Petition for the Return of Property** *(Doc. 23)* be **GRANTED** and the United States be ordered to return all of the materials seized from Petitioner, as well as any electronic and paper copies of those materials.

*/s/ Lourdes A. Martínez*<br>
**LOURDES A. MARTÍNEZ**<br>
**UNITED STATES MAGISTRATE JUDGE**